1:26 MJ 4006

# AFFIDAVIT

Your Affiant, Owen A. Norman, deposes and states:

1. Your affiant is a Task Force Officer with the Bureau of Alcohol, Tobacco, Firearms, & Explosives, and has been since January 2024. Your affiant is a certified Deputy Sheriff in the State of Ohio since January 30, 2023, a member of the Cuyahoga County Sheriff's Office, Cuyahoga County, Ohio, and is currently assigned as a Detective in the Crime Gun Intelligence Center (CGIC) with the Bureau of Alcohol Tobacco and Firearms (ATF) Violent Crimes Taskforce. Affiant's training and experience includes 8 years in law enforcement, to include 5.5 years with the Cleveland Division of Police, with 2.5 years of experience as a detective, having been assigned to the Sex Crimes and Child Abuse Unit, and the Third District Violent Crime Reduction Team (VCRT). Affiant left from the Cleveland Division of Police in good standing in January of 2023. The affiant has been assigned with the Cuyahoga County Sheriff's Office as a Detective to the CGIC / ATF Violent Crimes Task Force since January of 2024. Formalized education prior to law enforcement includes advanced degree of Bachelor of Science of Education from Bowling Green State University. Affiant has experience in the investigation of felony crimes including sex offenses, aggravated robberies, violations of state drug laws, and firearm related offenses. Pursuant to 18 U.S.C. § 3051, your affiant is empowered to enforce criminal laws of the United States. As result of training and experience, your affiant is familiar with federal laws including the Target Offense.

2. This Affidavit is being submitted for the limited purpose of establishing probable cause that James LUKE has violated Title 18, United States Code, Section 922(g)(1), possession of a firearm by a prohibited person. The statements contained in this affidavit

1

are derived from information provided to me by members of the Cuyahoga County Sheriff's Office (CCSO) as well as my own investigation of this matter. This affidavit does not include every fact known to me regarding this investigation but will seek to summarize relevant information.

3. On October 7th of 2025, members of the ATF Crime Gun Intelligence Center (herein after "CGIC") began investigating LUKE.  LUKE was charged in the Cuyahoga County Court of Commons Pleas for Weapon Under Disability, a violation of O.R.C. Section 2923.13.  The subject firearm was linked via the National Integrated Ballistic Information Network (herein after "NIBIN") to a crime scene where another firearm was also used.  Based on your affiant's training and experience, law enforcement agencies, including the Cuyahoga County Sheriff's Office (CCSO) routinely provide ballistics evidence – such as expended shell casings collected from shooting scenes and from test fires of recovered firearms to NIBIN.  NIBIN in turn uses ballistic imagery technology to link these cartridges to one another or to a specific firearm.

PROBABLE CAUSE

4. On October 5, 2025, LUKE was involved in an incident within the Northern District of Ohio where a Glock, Model 21, .45 caliber semi-automatic pistol bearing serial number MRT431 was recovered by CCSO Deputies, per CCSO report number 2025-042157.

5. While assigned to the Cleveland Downtown Safety Patrol in Unit 37, Deputy Brightharp #129, in the company of Deputy Engelhart #160, observed a black 2012 Ford Escape bearing license plate U377840 traveling eastbound on St. Clair Avenue. Upon observing the marked CCSO patrol vehicle, the driver of the Escape made an abrupt southbound turn onto East 18th Street.

6. Due to the heavy tint on the vehicle's rear window, CCSO Deputies were initially unable to identify the license plate, which was placed in the back window rather than properly affixed to the vehicle. Additionally, the driver failed to come to a complete stop at the stop bar at the intersection of East 18th Street and Superior Avenue.

7. Based on the observed traffic violation and the obscured plate, a traffic stop was initiated. The driver, later identified as JAMES LUKE, did not immediately comply. Instead, LUKE continued to drive eastbound on Superior Avenue before finally stopping at East 24th Street.

8. Due to the LUKE's failure to yield immediately, as well as his and the passenger's continuous movement inside the vehicle during the stop, a pursuit terminator was deployed under the tires of the vehicle as a precaution. LUKE was ordered at gunpoint to exit the vehicle. LUKE refused to comply and placed the vehicle in reverse, running over the pursuit terminator, which deflated the front right passenger-side tire.

9. LUKE continued in reverse at a high rate of speed and struck a fire hydrant, dislodging it from its post and disabling the vehicle. LUKE then exited the vehicle and fled on foot, jumping multiple fences in a northbound direction from Superior Avenue. LUKE was later apprehended by Deputy Hoffman and assisting units from the CCSO.

10. The passenger, Alexander Jarvis, complied with commands and surrendered without incident. He was initially detained but later released from custody without further issue. The vehicle was not registered to Jarvis.

11. LUKE initially gave CCSO Deputies a false name of "Juan Watson" but eventually gave Deputies his identity. LUKE was advised of his Miranda Warning and stated he wished to speak. He admitted to fleeing because he was "scared" and said he was currently

intoxicated. During a search of the vehicle prior to LUKE's apprehension, a loaded Glock, Model 21, .45 caliber semi-automatic pistol bearing serial number MRT431 was located in plain view on the driver's side floorboard. LUKE claimed he was unaware of the firearm's presence within inches of his feet and stated the vehicle belonged to a friend.

12. LUKE sustained minor injuries while fleeing and was treated on-scene by Cleveland EMS and Cleveland Fire. After receiving medical care, LUKE was transported to Cuyahoga County Jail where he was booked and housed.

13. The vehicle was inventoried and towed in connection with this incident. The firearm was seized and swabbed for DNA on scene. CCSO members collected the DNA with the use of sterile swabs on the firearm and preserved these DNA collections for comparison. DNA collection swabs associated to the above-mentioned firearms were submitted to the Cuyahoga County Medical Examiner's Office.

14. This firearm was then test fired and the spent shell casings from the test fire were entered in NIBIN. This firearm was linked to spent shell casings recovered at other shooting scenes in Cleveland, Ohio on July 5, 2025, and June 29, 2025.

15. On October 28, 2025, a federal search warrant was obtained for James LUKE's DNA in Cuyahoga County Sheriff's Department case # 2025-042157.

16. On October 31, 2025, DNA buccal swabs were collected from James LUKE while he was being housed at the Cuyahoga County Jail. On November 11, 2025, the DNA evidence swabs collected from firearm: a Glock, Model 21, .45 caliber semi-automatic pistol bearing serial number MRT431 and the buccal DNA swabs collected as evidence from

James LUKE were submitted for comparison at the Cuyahoga County Regional Forensic Science Laboratory.

17. On December 23, 2025, the Cuyahoga County Regional Forensic Science Laboratory provided a DNA Laboratory Examination report comparing Item #1 "DNA packet" containing swabs from the firearm, and Item #2 "DNA buccal swabs from James Luke" submitted by the CCSD on November 11, 2025. In "Results and Conclusions" the DNA profile obtained from item #1 is a mixture. A likelihood ratio was calculated, assuming item #1 contained DNA from five unknown contributors. A match was identified between item #1 and James Luke (item #2). This match is: 960 trillion times more probable than a coincidental match to an unrelated African American person, 1.19 quintillion times more probable than a coincidental match to an unrelated Caucasian person, and 206 quadrillion times more probable than a coincidental match to an unrelated Hispanic person.

18. Your affiant is aware that LUKE was previously convicted of Felon in Possession of a Firearm, on or about September 1, 2022, in Case Number 1:21CR225, in the Northern District of Ohio, Eastern Division, Theft of Firearms from a Federal Firearms Licensee, on or about January 30, 2020, in Case Number 1:18CR539, in the Northern District of Ohio, Eastern Division, and Possession of Drugs, on or about August 16, 2022, in Case Number CR-21-664945-A, in the Cuyahoga County Common Pleas Court, and is prohibited from possessing firearms.

**INTERSTATE NEXUS DETERMINATION**

19. On December 31, 2025, ATF Interstate Nexus Expert Special Agent Gerrod Briggs advised your affiant that the subject firearm was not manufactured in the State of Ohio.

5

Thus, the aforementioned firearm must have traveled in interstate commerce to be found in the state of Ohio.

## CONCLUSION

20. Based upon the above listed facts and circumstances, your Affiant believes and asserts that there is probable cause to believe on October 5, 2025, LUKE did unlawfully, knowingly possess, a firearm in and affecting interstate commerce after having been convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of Title 18, United States Code, Section 922(g)(1).

21. The above violations were committed in the Northern District of Ohio, Eastern Division. Your Affiant requests that an arrest warrant be issued for James LUKE.

Owen Norman, Task Force Officer
Bureau of Alcohol, Tobacco, Firearms and Explosives

Sworn to via telephone after submission by reliable electronic means. Fed. R. Crim. P. 3, 4(d), and 4.1. this 6th day of January 2026.

Honorable Jonathan D. Greenberg
United States Magistrate Judge
Northern District of Ohio
Eastern Division

